**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

MICHAEL WARD AND
JENNIFER GLOCK FOUNDATION,
a New York corporation,

      Plaintiff,

vs.

THE ONE LOVE FOUNDATION
IN HONOR OF YEARDLEY LOVE,
INC.
a Maryland corporation,

      Defendant.
_____/

CASE NO. 3:23-cv-01220-TJC-MCR

**THE ONE LOVE FOUNDATION IN HONOR OF YEARDLEY LOVE, INC.'S
MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER VENUE TO
THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

      Defendant, THE ONE LOVE FOUNDATION IN HONOR OF YEARDLEY LOVE, INC. ("Defendant" or "ONE LOVE"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 12 and 28 U.S.C. § 1404, with a full reservation of rights, hereby files its Motion to Dismiss Plaintiff MICHAEL WARD AND JENNIFER GLOCK FOUNDATION's Complaint or, in the alternative, to Transfer Venue to the United States District Court for the District of Maryland. In support thereof, ONE LOVE states as follows:

**I.    BACKGROUND AND PROCEDURAL HISTORY**

      ONE LOVE was created in 2010 to honor the memory of Yeardley Love, a University of Virginia senior who was murdered by her ex-boyfriend just weeks before graduation. *See* Affidavit of Sharon Donnelly Love, attached as **Exhibit A**. ONE LOVE's mission is to empower young people with the knowledge to identify and avoid abusive relationships. *Id.* Today, One Love is

1

the national leader in preventing relationship violence and abuse. *Id.*

As ONE LOVE has grown in popularity, so too has its financial support. One of its former board members, Michael Ward ("Ward"), began contributing to ONE LOVE through his foundation, MICHAEL WARD AND JENNIFER GLOCK FOUNDATION ("Plaintiff" or "MWJGF"). As is provided in the 2021 and 2022 Donor Agreements executed by Ward on behalf of Plaintiff, Plaintiff's support was intended to "ensure[] the solidity of [ONE LOVE's] core" and to advance ONE LOVE's "vision of a future, where every young person has a common and foundational understanding of how to build healthy relationships." *See, e.g.,* Exhibit B to the Complaint; *see also* May 20, 2022 Donor Agreement, attached as Exhibit 2 to the Affidavit, **Exhibit A**. Plaintiff donated $2,000,000 from May 3, 2021 through December 31, 2022, with two additional $500,000 donations to be made on or before June 30, 2023 and December 31, 2023, respectively. *Id*. Plaintiff's contributions were not intended for use within the State of Florida, nor were restricted to only benefit the State of Florida. *Id.*

While ONE LOVE grew, however, some struggle ensued over its mission. Foreseeing changes to ONE LOVE's Board on the horizon, Plaintiff attempted to reconstruct the terms of its donor pledges to ONE LOVE. In an addendum to the May 20, 2022 Donor Agreement, which already provided for Plaintiff's commitment of two $500,000 donations on or before June 30, 2023 and December 31, 2023, respectively, Plaintiff for the first time specified that its commitment be "directed towards supporting the execution of ONE LOVE's strategic plan as approved by the Board in July 2022." *See* Exhibit A to the Complaint. The Addendum also provides that

> One Love must communicate any changes made to its strategic plan or changes that otherwise impact its ability to achieve the goals of that plan as soon as those decisions are made. Such decisions could include changes in One Love's key personnel and any other material changes in staffing, operations, funding, structure or tax-exempt status.

To date, Plaintiff has failed to make the $500,000 payment due on or before June 30, 2023, and it seems unlikely that other $500,000 payment will be made on or before December 31, 2023. Instead, Plaintiff is attempting to not only break its pre-existing commitment to ONE LOVE, but also is seeking the return of $1,000,000 paid to ONE LOVE in 2022.

Plaintiff, a New York nonprofit entity, has now filed its Complaint against ONE LOVE, a Maryland corporation, asserting causes of action relating to these charitable contributions made to ONE LOVE.  As is discussed herein, however, Florida lacks jurisdiction to resolve this dispute and the Complaint.  In the alternative, this matter should be transferred to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a) on the basis of *forum non conveniens*.

## II.   THIS COURT LACKS PERSONAL JURISDICTION OVER ONE LOVE.

### A.  Legal Standard

"A defendant from a foreign jurisdiction may contest jurisdiction by filing a motion to dismiss." *Law Offices of Sybil Shainwald v. Barro*, 817 So.2d 873, 876 (Fla. 5th DCA 2002).  The plaintiff bears the initial burden of alleging sufficient facts to establish long-arm jurisdiction, and if this burden is satisfied, it shifts to the defendant to produce evidence to refute the allegations. *See QSR, Inc. v. Concord Food Festival Inc.*, 766 So.2d 271, 274 (Fla. 4th DCA 2000).  If such evidence is provided, the burden shifts again, requiring the plaintiff to prove the basis by which it alleged personal jurisdiction should be exercised. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502-503 (Fla. 1989).  Accordingly, a defendant wishing to contest the allegations of a complaint on a motion to dismiss for lack of jurisdiction must file an affidavit challenging the court's jurisdiction and the party's minimum contacts with the forum. *Id.*  Where the affidavits conflict, the court must order a limited evidentiary hearing on the issue. *Id.* at 503.

A determination of whether personal jurisdiction over a nonresident defendant exists requires a two-part inquiry. First, the Court must consider the jurisdictional question under the Florida state long-arm statute. *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253 (11th Cir.1996). Florida courts deploy a two-step analysis to determine whether personal jurisdiction can be properly exercised over a non-resident defendant. *Imerys Talc Am., Inc. v. Ricketts*, 262 So.3d 799, 802 (Fla. 4th DCA 2018); *Fincantieri-Cantieri Navali Italiani S.p.A. v. Yuzwa*, 241 So.3d 938, 941-42 (Fla. 3d DCA 2018) (citing *Venetian Salami Co.*, 554 So.2d at 500, 502); *Marina Dodge, Inc. v. Quinn*, 134 So.3d 1103, 1105-06 (Fla. 4th DCA 2014). First, the court must determine whether the action is properly within the reach of one of the specified parameters under Florida's long-arm statute, Fla. Stat. § 48.193. *Imerys*, 262 So.3d at 802 (citing *Venetian Salami Co.*, 554 So.2d at 502). "The critical factor in deciding whether a tort committed out of state may subject the tortfeasor to personal jurisdiction in Florida is whether the cause of action arose from the act in question." *Wiggins v. Tigrent, Inc.*, 147 So.3d 76, 87 (Fla. 2d DCA 2014); *see also Wendt v. Horowitz*, 822 So.2d 1252, 1260 (Fla. 2002) (recognizing the connexity requirement for jurisdiction). If it is found that the long-arm statute is satisfied, then the court must determine whether sufficient "minimum contacts" exist between Florida and the non-resident defendant to satisfy constitutional minimum due process. *Imerys*, 262 So.3d at 802 (citing *Venetian Salami Co.*, 554 So.2d at 502). Importantly, the due process analysis is "a more restrictive requirement" than the "broad grant of jurisdiction" under the long-arm statute, and precedent from the United States Supreme Court governs the due process analysis. *Marina Dodge, Inc. v. Quinn*, 134 So.3d 1103, 1106 (Fla. 4th DCA 2014) (citing *Caiazzo v. Am. Royal Arts Corp.*, 73 So.3d 245, 250-251 (Fla. 4th DCA 2011)).

With respect to minimum contacts, personal jurisdiction is either general or specific. General jurisdiction, or "all purpose" jurisdiction, permits suit against a non-resident defendant for any claim regardless of the defendant's connection or the claim's connection to the forum. Beginning with *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), the United States Supreme Court substantially curtailed the general jurisdictional doctrine as applied to foreign corporations. Under *Daimler* and its progeny, a foreign corporation is subject to general jurisdiction only where the defendant is "at home." A corporation is essentially at home where it is incorporated and where it maintains its principal place of business. *Id.* at 137-38; *Fincantieri-Cantieri Navali Italiani S.p.A.*, 241 So.3d at 942; *Marina Dodge, Inc.*, 134 So.3d at 1107. The requirement for general jurisdiction is "substantial and not isolated, activity," which requires "showing of 'continuous and systematic general business contacts' with the state." *Gadea v. Star Cruises, Ltd.*, 949 So.2d 1143, 1145 (Fla. 3d DCA 2007); *Price v. Point Marine, Inc.*, 610 So.2d 1339, 1341 (Fla. 1st DCA 1992) ("sporadic activities…will not constitute 'substantial and not isolated activity'"). Unlike general jurisdiction, which subjects a non-resident defendant to any suit in the forum state, specific personal jurisdiction arises specifically from a defendant's contacts with the claim at issue. *Southern Wall Prods., Inc. v. Bolin*, 251 So.3d 935, 939 (Fla. 4th DCA 2018) ("[T]he plaintiff must establish that the defendant's contacts with the forum state are: (1) related to the cause of action or gave rise to it…"); *USA Mgmt. Grp., LLC v. Fitness Publ'ns, Inc.*, No. 14-22477-Civ-Scola, 2015 WL 11233075, at *3 (S.D. Fla. Mar. 4, 2015) ("At a minimum, a plaintiff must show that the defendant had some contact with the forum state and that the contact was a but-for cause of the alleged tort").

Accordingly, "[f]or the second prong of *Venetian Salami*, minimum contacts analysis, the plaintiff must establish that the defendant's contacts with the forum state are: (1) related to the

5

cause of action or gave rise to it; (2) involve some act by which the defendant purposefully availed itself of the privilege of conducting business within the forum; and (3) the defendant's act is such that it should reasonably anticipate being haled into court in the forum state." *Southern Wall Prods., Inc.*, 251 So.3d at 939; *Continental Motors, Inc. v. Losner*, 300 So.3d 1229, 1230 (Fla. 3d DCA 2020); *see also Volkswagen Aktiengesellschaft v. Jones*, 227 So.3d 150, 159 (Fla. 3d DCA 2017) (evidence that a foreign company will directly fill an online order for a particular product for a customer in Florida falls far short of establishing that the company has purposefully availed itself of doing business in a particular state). Purposeful availment occurs when the defendant created a substantial connection to the forum state by deliberately engaging in business activities within it or by creating continuing obligations between themselves and residents of the forum state. *See Burger King v. Rudzewicz*, 471 U.S. 462, 473, 475 (1975). The "substantial connection" with the forum must arise out of the defendant's own activities and not those of the plaintiff or third-party. *Imerys Talc America v. Ricketts*, 262 So.3d 799, 802-803 (4th DCA 2018).

### B. This Court Has No Grounds to Assert Personal Jurisdiction Over One Love.[1]

For the reasons that follow, Plaintiff fails to plead facts sufficient to establish either general or specific jurisdiction over ONE LOVE under either the constitutional standard or Florida's long-arm statute, and the exercise of jurisdiction over ONE LOVE further fails the second prong under *Venetian Salami*.

### 1. One Love Is Not Subject to General Jurisdiction in Florida.

Plaintiff's Complaint is not entirely clear as to whether Plaintiff is pleading general jurisdiction. To the extent, however, that Paragraph 11 of the Complaint (alleging that One Love "operates and engages in business across Florida) is intended to invoke general jurisdiction, that

---

[1] Attached as **Exhibit A** in support of this Motion is the affidavit of ONE LOVE's Founder and Board member, Sharon Donnelly Love.

6

theory fails. For general, all-purpose jurisdiction to apply to a business, the "paradigm all-purpose forums . . . are a corporation's place of incorporation and principal place of business." *Daimler AG v. Bauman*, 571 U.S. 117, 118 (2014). For ONE LOVE, neither of these states is Florida. Instead, ONE LOVE is incorporated in Maryland (as Plaintiff's Complaint acknowledges in Paragraph 10), and it has its principal place of business in Maryland. *See also* **Exhibit A**.

The United States Supreme Court has reaffirmed that general jurisdiction may only lie outside of the business's place of incorporation or principal place of business in an "exceptional case." *BNSF Ry. Co. v. Tyrell*, 137 S. Ct. 1549, 1558 (2017) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437 (1952), in which a corporation had temporarily relocated its enterprise to another jurisdiction during wartime, as such an "exceptional case"). Nothing like that is asserted in the Complaint, nor could it be. ONE LOVE is not "at home" in Florida under the legal standard set forth in more than 70 years of United States Supreme Court jurisprudence.

### 2. One Love Is Not Subject to Specific Jurisdiction in Florida Under the Long-Arm Statute or the Constitutional Standard.

Plaintiff further cites two "specific jurisdiction" subparagraphs of the Florida long-arm statute – Fla. Stat. § 48.193(1)(a)(1) and § 48.193(1)(a)(7) – to argue that ONE LOVE subjected itself to jurisdiction for purposes of Plaintiff's claims. Both subparagraphs are limited expressly to a "cause of action arising from" the act at issue.

Section 48.193(1)(a)(1), for example, allows for personal jurisdiction "for any cause of action arising from . . . [o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." The phrase "arising from" in this context "does not mean proximately caused by" but it does "require direct affiliation, nexus, or substantial connection to exist between the basis for plaintiffs' cause of action and the defendants' business activity in the state." *Gadea v. Star Cruises, Ltd.*, 949 So. 2d 1143, 1149–50 (Fla. Dist.

7

Ct. App. 2007). Here, Plaintiff appears to attempt to aggregate unrelated contacts, alleging that jurisdiction is proper because "One Love solicits donations from within Florida, including those at issue here." *See* Compl. at ¶ 11. Those unrelated contacts – the alleged "other" solicitations of donations or other services provided to students in Florida – cannot be used to prop up a claim of personal jurisdiction. That is the sort of "sliding scale approach" that the United States Supreme Court rejected as "a loose a spurious form of general jurisdiction" in *Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 582 U.S. 255, 264 (2017).

This leaves the only contact at issue in this case – the entry into a contract with a Florida resident, upon which Plaintiffs claims "arising from " personal jurisdiction under § 48.193(1)(a)(1) and § 48.193(1)(a)(7). However, the "[m]ere existence of a contractual relationship between a non-resident defendant and a Florida resident is insufficient to satisfy this section of the statute." *ripKurrent LLC v. Richard Ballard IRA LLC*, 530 F. Supp. 3d 1281, 1291 (S.D. Fla. 2021). Rather, "the contract must require performance in Florida." *Id*

Although a plaintiff may conceivably satisfy the "performance in Florida" under a contract showing that payment is to Plaintiff in Florida, *see, e.g.*, *Thomsen v. Arts*, No. 4:11-CV-10070-KMM, 2012 WL 13014713, at *4 (S.D. Fla. May 24, 2012), that is not this case. The agreement that Plaintiff is seeking to void by declaratory judgment is one under which *Plaintiff* would make payment *to ONE LOVE* in the State of *Maryland*. None of the provisions of that Agreement that Plaintiff alleges that ONE LOVE "breached" concerned an obligation due to be performed in Florida. Indeed, aside from the postal abbreviation in the Plaintiff's address line, the Agreement does not contain the word "Florida" or any variant thereof. Likewise, aside for the conclusory jurisdictional allegations of Paragraphs 10 and 11, none of the substantive allegations in Plaintiffs' Complaint say anything about the State of Florida.

8

Accordingly, One Love is not subject to specific jurisdiction in Florida under the long-arm statute or the constitutional standard, and Plaintiff's Complaint must be dismissed.

**3. Even If Plaintiff Met Any Part of the General Test for Long-Arm, Specific Jurisdiction, Plaintiff's Claims Fail the Second Prong of the Jurisdictional Analysis.**

Even if Plaintiff were able to satisfy the general test under the long-arm statute for Florida, Plaintiff must likewise establish that ONE LOVE's minimum contacts with Florida are: (1) related to the cause of action or gave rise to it; (2) involve some act by which ONE LOVE purposefully availed itself of the privilege of conducting business within Florida; and (3) ONE LOVE's act is such that it should reasonably anticipate being haled into court in the forum state." *Southern Wall Prods., Inc.*, 251 So.3d at 939; *Continental Motors, Inc. v. Losner*, 300 So.3d 1229, 1230 (Fla. 3d DCA 2020).

As is shown in the attached affidavit, Plaintiff cannot establish and the evidence before the Court does not show that ONE LOVE has minimum contacts in Florida sufficient to satisfy the second prong of *Venetian Salami*. As explained therein, ONE LOVE is a Maryland corporation that does not maintain a principal place of business in Florida. *See* Affidavit, **Exhibit A**. Nor has it ever committed any tortious acts, filed or participated in any lawsuits, or caused injury to any individuals within the State through its actions, products, materials, etc. *Id.* Likewise, neither Donor Agreement with Plaintiff references use of Plaintiff's funds within the State of Florida, nor restricts the use of such funds to only benefit the State of Florida. *Id.* Plainly, ONE LOVE has not availed itself of the privilege of conducting business within the State of Florida nor has any valid or reasonable anticipation of being hauled into court within the State. Accordingly, ONE LOVE lacks minimum contacts with the State of Florida and what few contacts it does have are in no way the but-for cause of Plaintiff's claims herein nor do the claims specifically arise out of them. Plaintiff's account of ONE LOVE's contacts with the State and the resulting services and

9

duties it had agreed to perform simply have no basis in fact, and the actual parameters of ONE LOVE's relationship with the State is in no way sufficient to satisfy ethe second prong of *Venetian Salami*.

Given this clear sworn evidence demonstrating that this Court has no basis to assert jurisdiction over ONE LOVE in these proceedings, any and all claims against ONE LOVE should be dismissed for lack of jurisdiction.

### III. IN THE ALTERNATIVE, THIS MATTER SHOULD BE TRANSFERRED TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND..

#### A. Legal Standard

If venue is not convenient, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also* 28 U.S.C. § 1404(a). The decision to transfer or dismiss is within the Court's discretion. *Roofing v. Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982); *Brownsberger v. Nextera Energy, Inc.*, 436 F. App'x 953, at *1 (11th Cir. Aug.5, 2011). In evaluating a motion to dismiss for improper venue, "[t]he facts as alleged in the complaint are taken as true, to the extent they are uncontroverted by defendants' affidavits." *Id.*; *see also Home Ins. Co. v. Thomas Indus., Inc.*, 896 F.2d 1352, 1355 (11th Cir. 1990).

In analyzing the propriety of venue under Section 1391(b)(2), the Eleventh Circuit has stated that "only the events that directly give rise to a claim are relevant" and that "of the places where the events have taken place, only those locations hosting a 'substantial part' of the events are to be considered." *Silver v. Karp*, No. 14-80447-CIV, 2014 WL 4248227, at *2–3 (S.D. Fla. Aug. 27, 2014) (quoting *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) ). In conducting this analysis, "the proper focus of the venue inquiry is on the relevant activities of the

Defendants." *Hemispherx Biopharma, Inc. v. MidSouth Capital, Inc.*, 669 F.Supp.2d 1353, 1357 (S.D. Fla. 2009).

### B. The Causes of Action Asserted by Plaintiff Do Not Arise in Florida.

In *Gresier v. Drinkard*, 2017 WL 7788165 (S.D. Fl December 8, 2017), the Southern District of Florida analyzed a Pennsylvania defendant's motion to dismiss a plaintiff's claim for improper venue. In interpreting 28 U.S.C. § 1391(b), the Court found that the defendant lived in Pennsylvania, was not a resident of Florida, and that all events giving rise to the cause of action had occurred in Pennsylvania. *Gresier*, Slip Op. at *2. Accordingly, the Court granted the defendant's motion to dismiss for improper venue.

Here, ONE LOVE is located in another state, does not reside in Florida, and the events giving rise to the cause of action occurred outside of Florida. *See* Affidavit, **Exhibit A**. The mere fact that Plaintiff, a New York corporation, references ONE LOVE's fundraising efforts in Florida does not satisfy 28 U.S.C. § 1391(b). Further, Plaintiff itself is a foreign corporation, incorporated in New York. And as Plaintiff concedes in its Complaint, Mr. Ward was a member of the ONE LOVE Board that operated out of ONE LOVE's offices in New York, not Florida. *See* Complaint ¶¶ 36, 38.

### C. Maryland is the More Convenient Venue for This Matter.

Under federal *forum non conveniens* law, a foreign plaintiff's choice of forum is not entitled to the same deference or presumption of correctness as would be applied where a plaintiff sues in its home forum. *Piper Aircraft,* 454 U.S. at 256. This principle stems not from any antipathy toward foreign corporations, but rather from the fact that the presumption that plaintiffs have selected the most convenient forum is much less reasonable when the chosen forum is not the

plaintiffs' home forum. *Id.*, *In re Silicone Gel Breast Implants Products Liability Litigation,* 887 F.Supp. 1469 (N.D.Al.1995).

In considering a motion for dismissal based on *forum non conveniens*, the trial court should evaluate and weigh all relevant public and private interest factors that bear upon the relative convenience of the forums. *Piper,* supra, 454 U.S. at 254, 102 S.Ct. at 265. The evaluation of these factors is committed to the sound discretion of the trial court. *Gulf Oil,* supra, 330 U.S. at 508, 67 S.Ct. at 843. There is no rigid formula to be applied in considering dismissal based on *forum non conveniens* and the doctrine gives "substantial deference" to the trial court's determination of the competing interests. *Piper,* 454 U.S. at 257, 102 S.Ct. at 266–67.

Here, Maryland is both an adequate and available alternative forum. Plaintiff's cause of action accrues from its charitable contributions to ONE LOVE, which is incorporated in Maryland. Further, ONE LOVE is now headquartered in Maryland, a majority of its Board is located in Maryland, and pertinent documents regarding ONE LOVE's fundraising practices located in Maryland. *See* Affidavit, **Exhibit A**. Accordingly, public interest factors weigh in favor of this matter being litigated in Maryland.

Further, both private and public interests weigh in favor of this matter being litigated in Maryland. The private interest "encompass[] four broad 'practical' concerns: adequate access to evidence and relevant sites, adequate access to witnesses, adequate enforcement of judgments, and the practicalities and expenses associated with this litigation." *Kinney,* 674 So.2d at 92. In considering private interests, the court must follow the general rule that there is a strong presumption against disturbing the plaintiff's choice of forum, and this "presumption can be defeated only if the relative disadvantages to the defendant's private interests are of sufficient weight to overcome this presumption." *Id.* However, the presumption normally accorded a

12

plaintiff's choice of forum "is given less deference when, as here, the plaintiff is an out-of-state resident with very little, if any, contact with Florida." *Kerzner Int'l Resorts, Inc. v. Raines,* 983 So.2d 750 (Fla. 3d DCA 2008). As Florida courts have previously observed:

> The deference owed to a plaintiff's choice is at its highest level when that choice was motivated by legitimate reasons, i.e., the plaintiff's convenience and the ability to obtain jurisdiction over the defendant. *Iragorri v. United Techs. Corp.,* 274 F.3d 65, 73 (2d Cir.2001). Of course, bona fide connections to the forum of choice further serve to strengthen the deference given to a plaintiff's choice. *Id.* Conversely, this deference dissipates if a plaintiff's forum choice was made in the absence of such connections. *Id.; See Pollux Holding Ltd. v. Chase Manhattan Bank,* 329 F.3d 64 (2d Cir.2003).

*Hilton,* 971 So.2d at 1007.

Here, Plaintiff is a New York corporation and ONE LOVE is a Maryland corporation. The only reason this matter has been brought in Florida is because Michael Ward, a non-party to this suit, resides in Florida. Plaintiff's donation, however, has no nexus to Florida, nor were there any conditions attached to Plaintiff's donations that such funds be used explicitly within Florida. *See* **Exhibit A**. Accordingly, no deference should be given to Plaintiff's choice of forum in light of the fact that this matter has no legitimate reason to be brought in Florida, and public interests do not weigh in Plaintiff's favor to maintain this action in Florida.

As such, if this matter is not dismissed for lack of personal jurisdiction, it should be transferred to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404.

### IV.   CONCLUSION

For the reasons set forth above, ONE LOVE respectfully requests that this Court enter an order dismissing the claims against it for lack of personal jurisdiction or transferring this action to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1404(a) and/or

on the basis of *forum non conveniens*, along with granting any and all additional relief that this Court deems just and proper.

|  |  |
|---|---|
| Submitted October 24, 2023 | **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC** <br> 1 Financial Plaza, Suite 1620 <br> Fort Lauderdale, Florida 33394 <br> Telephone: (954) 768-1600 <br> *Counsel for The One Love Foundation in Honor of Yeardley Love, Inc.* <br><br> By:   */s/ Jason Bloom* <br>          Jason Bloom <br>          Florida Bar No. 89772 <br>          jbloom@bakerdonelson.com |

## CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 3.01 (g)

Pursuant to Local Rule 3.01(g), counsel for Defendant has conferred with counsel for Plaintiff as to whether it objects to the relief sought in this motion. Counsel for Plaintiff has advised that they oppose the relief sought in this motion.

                                                                                         */s/ Jason B. Bloom* <br>
                                                                                             Jason B. Bloom

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 24th day of October, 2023, the foregoing document is being filed with the Clerk of Court using the E-filing Portal and served on all counsel of record or pro se parties identified on the below Service List either via transmission of Notices of Electronic Filing generated by the E-filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically via the E-filing Portal.

              */s/ Jason B. Bloom*
               Jason B. Bloom