UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL WARD AND
JENNIFER GLOCK FOUNDATION,
a New York nonprofit,

    Plaintiff,

v.                                         Case No. 3:23-cv-1220-TJC-MCR

THE ONE LOVE FOUNDATION IN
HONOR OF YEARDLEY LOVE, INC.,
a Maryland corporation,

    Defendant.
_____/

**PLAINTIFF MICHAEL WARD AND JENNIFER GLOCK FOUNDATION'S REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND FOR LEAVE TO TAKE JURISDICTIONAL DISCOVERY**

Defendant One Love Foundation in Honor of Yeardley Love, Inc. ("One Love") seeks to deny Plaintiff Michael Ward and Jennifer Glock Foundation (the "Foundation") the opportunity to take jurisdictional discovery. Nothing in One Love's response to the Foundation's motion justifies such an outcome.

**ARGUMENT**

I.    **The Complaint adequately pleads personal jurisdiction.**

The Complaint in this case was originally filed in Florida state court and

then removed to this Court based on diversity of citizenship. Under these circumstances, a plaintiff may plead personal jurisdiction over a nonresident defendant by invoking the language of the Florida long-arm statute without alleging supporting facts. *See Grasso v. Grasso*, No. 8:13-cv-3186-T-33AEP, 2014 WL 12621223, at *7 (M.D. Fla. Nov. 15, 2014) ("A plaintiff may meet the burden of pleading a basis for jurisdiction under this statute 'either by tracking the language of section 48.193 without pleading supporting facts or by alleging specific facts that demonstrate that the defendant's actions fit within one or more subsections of section 48.193.'"); *Black v. Bryant*, 905 F. Supp. 1046, 1051 (M.D. Fla. 1995) (same); *Voorhees v. Cilcorp, Inc.*, 837 F. Supp. 395, 398 (M.D. Fla. 1993) (same).

Here, the Complaint pleads statutory bases for jurisdiction in the language of the long-arm statute, *in addition to* alleging supporting facts. *See* Compl. ¶¶ 11-12. It thus adequately alleges a basis for personal jurisdiction.

To deny the Foundation jurisdictional discovery based on some other, unspecified pleading standard, as One Love seeks to do, would be an improper "gotcha" tactic. When the Foundation filed its Complaint in state court, it was subject to Florida Rule of Civil Procedure 1.070(h), which explicitly recognizes that it is sufficient to "plead the basis" for jurisdiction over a nonresident defendant "in

the language of the statute without pleading the facts supporting" jurisdiction. Fla. R. Civ. P. 1.070(h); *see also Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Even if, as One Love appears to assume, some other standard applies in this Court, any purported pleading deficiency was created only by One Love's decision to remove this action *after* the Foundation filed a Complaint that was unquestionably sufficient when filed. The Court should not reward such improper tactics by allowing One Love to conceal its contacts with Florida.

**II.     The jurisdictional discovery the Foundation seeks is relevant to whether One Love is "carrying on a business or business venture in this state" and has sufficient minimum contacts with Florida.**

One Love argues that the contacts with Florida pointed out in the Foundation's motion "ha[ve] no bearing on whether [One Love's] contract with Plaintiff was one that 'require[d] performance in Florida,'" under section 48.193(1)(a)(7), Florida Statutes. ECF No. 10 at 5. This argument will be proved wrong, but it also completely overlooks the other statutory basis for jurisdiction alleged in the Complaint: section 48.193(1)(a)(1), which confers jurisdiction over "any cause of action arising from . . . : 1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." § 48.193(1)(a)(1), Fla. Stat. (2023). It also ignores the fact that the Court must determine whether One Love's "contacts with [Florida] are such

3

that it has fair warning that it may be subject to suit there," including whether One Love has "'purposefully availed' itself of the privilege of conducting activities within [Florida]." *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1275 (11th Cir. 2022). The Foundation seeks discovery relevant to those issues.

This case arises from One Love's relationship with a major donor—the Foundation—based in Florida, where the Foundation's sole office and principal place of business is located and where its sole trustees reside. The Foundation's proposed jurisdictional discovery, attached hereto as Composite Exhibit A, seeks information regarding One Love's fundraising efforts in Florida—efforts from which this case directly arises—and the activities in Florida supported by that fundraising.[1] That information bears on whether the contacts with Florida from which this case arises are sufficient to amount to a business or business venture and purposeful availment of the privilege of conducting activities in Florida.

Finally, the Court should reject One Love's invitation to rule on its venue arguments before giving the Foundation an opportunity to respond. ECF No. 16 at 6. The Foundation opposes that request and expressly sought an extension to respond to the *entirety* of One Love's motion. ECF No. 15 at 1.

---

[1] The Foundation's understanding is that most, if not all, of the information sought in its proposed requests is regularly collected by One Love and readily available to be produced.

## CONCLUSION

The Complaint adequately pleads personal jurisdiction, and the Foundation's proposed jurisdictional discovery is relevant to whether One Love operates a business or business venture in Florida and has sufficient minimum contacts with Florida to satisfy due process requirements. The Foundation should, therefore, have the opportunity to conduct jurisdictional discovery.

Dated: December 4, 2023.

> BEDELL, DITTMAR, DeVAULT, PILLANS & COXE
> Professional Association
>
> By: s/John G. Woodlee
> Michael E. Lockamy
> Florida Bar No. 69626
> Email: mel@bedellfirm.com
> John G. Woodlee
> Florida Bar No. 0100990
> Email: jgw@bedellfirm.com
> Sarah R. Niss
> Florida Bar No. 1039817
> Email: srn@bedellfirm.com
> The Bedell Building
> 101 East Adams Street
> Jacksonville, Florida 32202
> Telephone: (904) 353-0211
> Facsimile: (904) 353-9307
>
> Counsel for Plaintiff Michael Ward and Jennifer Glock Foundation