UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MICHAEL WARD AND
JENNIFER GLOCK FOUNDATION,
a New York corporation,

    Plaintiff,

vs.

THE ONE LOVE FOUNDATION
IN HONOR OF YEARDLEY LOVE,
INC. a Maryland corporation,

    Defendant.
_____/

Case No. 3:23-cv-01220-TJC-MCR

## **DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

Defendant, One Love Foundation in Honor of Yeardley Love, Inc. ("One Love"), by its undersigned counsel and pursuant to Federal Rule 26(c), hereby files this Motion for Protective Order in response to certain items included on the proposed jurisdictional discovery requests attached as Composite Exhibit A to Plaintiff's Reply in Support of Its Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and for Leave to Take Jurisdictional Discovery (*see* ECF 24-1). As set forth herein, while One Love opposes Plaintiff's request for jurisdiction discovery in its entirety, if jurisdictional discovery is to be ordered, the discovery requests included in Plaintiff's Composite Exhibit A are entirely overbroad and irrelevant to Plaintiff's purported basis for jurisdiction.

**I.**    **Introduction and Statement of Facts**

    1.    On October 17, 2023, One Love removed this action, originally filed in the Circuit Court for Duval County. (ECF No. 1).

1

2. Seven days later, One Love moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer venue to the District of Maryland. (ECF No. 10). One of the bases of that motion – as to personal jurisdiction – is that the dispute between One Love (a Maryland corporation) and Plaintiff (a New York corporation) does not have a sufficient nexus to Florida.

3. Plaintiff did not oppose that Motion, but instead on November 10, 2023 filed a Motion for Extension of Time to Respond to Defendant's Motion to Dismiss and for Leave to Take Jurisdictional Discovery (ECF No. 15), which is now pending before the Court. One Love timely opposed. (ECF No. 16).

4. Plaintiff's Motion for Leave to Take Jurisdictional Discovery did not specify what discovery Plaintiff was seeking, other than that Plaintiff intended "to test the assertions" of an affidavit attached to One Love's Motion to Dismiss. (ECF No. 15 at 2)

5. On December 4, 2023, Plaintiff filed its Reply in support of its request for jurisdictional discovery. (ECF No. 24). Belatedly, Plaintiff attached as Composite Exhibit A to its Motion a set of jurisdictional interrogatories, request for production of documents, and topics for a 30(b)(6) deposition. (ECF No. 24-1).

6. Consistent with positions taken by Plaintiff in its prior briefing – and as detailed further below – Plaintiff's Composite Exhibit A is facially overbroad in that it seeks discovery into contacts in Florida that have no bearing on the subject matter of Plaintiffs' claims, and therefore can have no bearing on the jurisdictional analysis.

**II.    Argument**

As set forth in One Love's Motion to Dismiss (ECF No. 10) and Opposition to Motion for Leave to Take Jurisdictional Discovery (ECF No. 16), which arguments are incorporated by reference hereto, jurisdiction on claims such as Plaintiff's can only plausibly be framed in terms

2

of "specific personal jurisdiction," because a claim for "general personal jurisdiction" can only be predicated upon a defendant's incorporation in the State or operating a principal place of business in the State. (*See* ECF No. 10 at 6 to 9). *Unrelated* contacts with the State of Florida cannot be aggregated to subject a defendant to personal jurisdiction, which "sliding scale" approach the United States Supreme Court rejected in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cnty*, 582 U.S. 255, 264 (2017).

Plaintiff's proposed discovery requests, however, seek almost exclusively contacts unrelated to Plaintiff's contract with One Love. To illustrate:

(A) With the possible, partial exception of Interrogatory No. 1 (to the extent that it seeks discovery of One Love's contacts with "the Foundation"), Plaintiffs' Interrogatories, have nothing to do with the contract at issue, instead requesting:

1. For the years 2020, 2021, and 2022, please identify the amount of contributions or revenue One Love received from Florida-based donors, including, for instance, the Foundation and the Delores Barr Weaver Fund.

2. For the years 2020, 2021, and 2022, please identify the total amount of contributions or revenue One Love received.

3. For the years 2020, 2021, and 2022, please identify what percentage of One Love's contributions or revenue was attributable to Florida residents or Florida-based organizations.

4. For the years 2019, 2020, 2021, and 2022, please identify each Florida school, school district, or college that One Love partnered with to provide programming or which had a One Love club or chapter.

5. For the years 2018 to present, please identify every One Love employee based in Florida, including One Love's Florida Engagement Coordinators. In your answer, please identify the employee's name, job title, job description, and tenure in that role.

3

    6.     For the years 2020 to present, please identify every event in Florida that One Love hosted or participated in to raise awareness or funds for One Love. In your answer, please include the date, name, and location of the event, the amounts raised (if applicable), and identify the One Love employees or Board Members who participated.

    7.     For the years 2018 to present, please identify the number of Florida residents, including secondary or postsecondary students at Florida schools, who attended One Love programs or workshops.

    8.     For the years 2018 to present, please identify everyone who was involved in the solicitation of the Foundation's contributions to One Love, including the donation(s) at issue in this Lawsuit. In your answer, please identify the name of each person, their job title, their date(s) of involvement with the solicitation, and their location during their involvement with the solicitation.

    9.     Please identify all efforts One Love has undertaken to "deep[en] [its] engagement in Florida" as referenced in One Love's overview of its FY22-FY26 Strategic Plan (Doc. 15-4 at 23).

    10.     Please identify the "solid work" One Love has completed in Florida as referenced in One Love's overview of its FY22-FY26 Strategic Plan (Doc. 15-4 at 24).

    11.     For the years 2018 through 2022, please identify and rank One Love's national regions (e.g., Florida and the New York Tri-State region) by programmatic reach. Include in your answer the total number of people reached by One Love's programming broken out by region.

    12.     For the years 2019 to present, please identify all "large-scale partnerships in Florida" in which One Love has participated.

(B)     With the exceptions of Requests No.1 and 9, Plaintiff's Requests for Production of Documents have no bearing on the contract at issue or the jurisdictional analysis, instead requesting:

. . . .

2. For the years 2018 to present, all documents evidencing One Love's efforts to solicit contributions or revenue from Florida residents or Florida-based organizations.

3. For the years 2018 to present, all documents evidencing strategies, tactics, or plans to bring One Love programs to Florida residents or raise funds from Florida residents.

4. All agreements or contracts between One Love and Florida-based school districts, colleges, or organizations (including Duval County Public Schools, St. Johns County School District, Broward County Public Schools, and the School District of Palm Beach) concerning the presentation of One Love programming or any partnership with One Love.

5. All documents evidencing any activity One Love has undertaken within Florida.

6. All documents concerning One Love's Northeast Florida Community Action Committee.

7. All documents concerning One Love's involvement "into the policy sphere in Florida." (*See* One Love's 2019 Florida Regional Update.)

8. All documents concerning the One Love game held at the University of North Florida on or about October 22, 2023.

. . . .

10. For the years 2018 to present, all documents, including travel reimbursement records, for Katie Hood or any other One Love employee or Board Member, for travel to Northeast Florida on One Love business.

11. All documents concerning One Love's partnerships with or potential partnerships with the Florida Department of Education, the Florida Department of Health, PACE Center for Girls, and the Florida Partnership for Healthy Schools.

(C)   And, with the partial exception of topic No. 11 (relating to the affidavit

attached to One Love's Motion to Dismiss, the topics on Plaintiff's 30(b)(6)

5

deposition notice have no bearing on the contract at issue or the jurisdictional analysis, instead seeking testimony regarding:

1. One Love's work and activities in Florida.

2. One Love's partnerships with Florida organizations, including the State of Florida and various school districts.

3. One Love's reach in Florida (e.g., number of program participants, workshops, etc.) as compared to other One Love regions.

4. One Love's fundraising in Florida.

5. One Love's fundraising in Florida as compared to other One Love regions.

6. One Love's fundraising solicitations to the Foundation, including any visits to Jacksonville, Florida, by One Love employees or Board members.

7. One Love employee(s) based in Florida, including past Florida Engagement Coordinators.

8. One Love's strategic plans concerning fundraising, staffing, and programming in Florida.

9. One Love's previous headquarters location and its recent move to Baltimore, Maryland.

10. One Love's answers to the jurisdictional interrogatories.

. . . .

Under the controlling case law of the United States Supreme Court, none of these unrelated contacts can have any bearing on the question of personal jurisdiction unless they rise to the "exceptional" level of incorporation in the State or the operation of a principal place of business in the State. *See Daimler, A.G. v. Bauman*, 571 U.S. 117, 137 (2014); *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015).

Jurisdictional discovery "should be 'narrowly tailored' to personal jurisdiction issues implicated by the motion to dismiss." *Spigot, Inc. v. Hoggatt*, No. 218CV764FTM29NPM, 2019 WL 4980455, at *2 (M.D. Fla. Oct. 8, 2019) (citation omitted). Accordingly, where, as here, it is not "affirmatively alleged" that a defendant "is domiciled in Florida," jurisdictional discovery should be appropriately limited to "the exercise of case-specific personal jurisdiction . . . as to [the] Defendant." *See id*. at **2-3 (quashing subpoenas issued to third parties as beyond the scope of jurisdictional discovery).

Thus, Plaintiff's requests for discovery concerning unrelated contacts only serve to show that jurisdictional discovery is not warranted, because Plaintiff has not articulated any discovery requests that would make it more likely or not that One Love is subject to jurisdiction in this forum. If jurisdictional discovery is to go forward, however, it should go forward only to the extent that the discovery relates to the facts upon which Plaintiffs' claims arise, or else Plaintiff's entire endeavor will quickly become an expensive – but pointless – fishing expedition.

Therefore, if this Court does not deny Plaintiff's Motion for Leave to Take Jurisdictional Discovery outright, it should at a minimum issue a protective order:

(1) Limiting One Love's obligation to answer Plaintiff's Interrogatories to that portion of Interrogatory No. 1 relating to donations from the Plaintiff, and preventing Plaintiff from serving Interrogatories No. 2 to 12 in jurisdictional discovery;

(2) Limiting One Love's obligations to respond to Plaintiff's Request for Production of Documents to Requests No. 1 and 9; and

(3) Limiting One Love's Obligations to provide a 30(b)(6) deponent to topic No. 11 on Plaintiff's deposition notice.

| | |
|---|---|
| Submitted December 7, 2023 | **BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC** |
| | 1 Financial Plaza, Suite 1620 |
| | Fort Lauderdale, Florida 33394 |
| | Telephone: (954) 768-1600 |
| | *Counsel for The One Love Foundation in Honor of Yeardley Love, Inc.* |
| | By:  */s/ Jason Bloom* |
| | Jason Bloom |
| | Florida Bar No. 89772 |
| | jbloom@bakerdonelson.com |

### CERTIFICATE OF CONFERRAL UNDER LOCAL RULE 3.01 (g)

Pursuant to Local Rule 3.01(g), counsel for Defendant has conferred with counsel for Plaintiff as to whether it objects to the relief sought in this motion. Counsel for Plaintiff has advised that they believe this motion is premature and otherwise opposes the relief sought herein.

*/s/ Jason B. Bloom*
Jason B. Bloom

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of December, 2023, the foregoing document is being filed with the Clerk of Court using the E-filing Portal and served on all counsel of record or pro se parties identified on the below Service List either via transmission of Notices of Electronic Filing generated by the E-filing Portal or in some other authorized manner for those counsel or parties who are not authorized to receive electronically via the E-filing Portal.

*/s/ Jason B. Bloom*
Jason B. Bloom